# Helping Hand Building & Loan Association *v.* Samuelson, Appellant.

*Building and loan associations—Mortgage—Judgment—Opening judgment.*

A judgment entered upon a scire facias sur mortgage sued out by a building and loan association will not be opened on the ground that the mortgage had not been given to the association which brought the suit, where it appears that by consent of all the stockholders of the association to which the mortgage had been given, including the defendant, the assets of that body had been handed over to the plaintiff association, which at the same time had assumed all the liabilities of the former body, and that such stockholders had treated the new corporation as the successor of the old, that the defendant had continued to pay his dues and interests to the new corporation for about four years after it was formed, and received

statements showing that the new association was discharging the obligations of the old, and was relying for reimbursement upon the assets of which the mortgage in question was a part.

Argued May 21, 1902. Appeal, No. 152, April T., 1902, by defendant, from order of C. P. Warren Co., March T., 1898, No. 18, discharging rule to open judgment in case of. Helping Hand Building & Loan Association v. Carl G. A. Samuelson. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment entered upon a scire facias sur mortgage.

From the record it appeared that the mortgage in question had been given in 1888 to a building and loan association known as the Helping Hand Building & Loan Association. The charter of this corporation expired on September 13, 1893, and a new corporation of the same name was chartered on November 4, 1893. No assignment of the mortgage was made to the new corporation. The new association entered judgment on the mortgage on March 26, 1898. The evidence showed that the new association had taken over the assets and assumed the liabilities of the old association with the assent of all the stockholders, and that the defendant without objection had paid his dues and interest to the new association for four years after it was formed. The court discharged the rule to open the judgment.

*Error assigned* was the order of the court.

*D. U. Arird*, of *Arird & Bordwell*, for appellant.—At common law, upon the civil death of a corporation, its real estate remaining unsold reverts to the grantor and his heirs ; for the reversion, in such an event, is a condition annexed by law, inasmuch as the cause of the grant has failed. The personal estate in England vests in the king, and in our country in the people or state. The debts due it, or from it, are totally extinguished, so that neither the members nor the directors of the corporation can recover or be charged with them in their natural capacities. Upon the dissolution of a corporation in any mode, all suits pending for or against it abate. The com-

mon law in that particular is in several states modified by charter or statute. No such modification, however, appears to have been made in Pennsylvania: Helping Hand Bldg. & Loan Assn. v. Marsh, 18 Pa. Superior Ct. 319; Building Assn. v. Anderson, 7 Phila. 106; Farmers & Mechanics' Bank v. Little, 8 W. & S. 207; Building Assn. v. Long, 1 W. N. C. 391.

*D. I. Ball*, for appellee.—Defendant was estopped to deny the right of the plaintiff to sue on the mortgage: Helping Hand Bldg. & Loan Assn. v. Buss, 13 Pa. Superior Ct. 343; Marston v. State Hospital, 18 Pa. Superior Ct. 549; Whitehead v. Jones, 197 Pa. 519; Cochran v. Arnold, 58 Pa. 406; Spahr v. Farmers' Bank, 94 Pa. 429.

OPINION BY W. D. PORTER, J., July 10, 1902:

This appeal is from the order of the court below refusing to open a judgment and let the defendant into a defense. The proceeding was begun by a scire facias upon a mortgage, and a judgment in all respects regular upon its face was entered against the defendant on March 26, 1898. The defendant, on May 9, 1898, presented his petition to the court below admitting the amount of the loan and the execution of the mortgage, but alleging that the debt had been paid in full. He presented a supplemental petition on August 6, 1901, alleging that the charter of the association to which the mortgage had been given had expired on September 13, 1893, and that a new corporation bearing the same name had procured a charter on November 4, following; that the mortgage in question had never been assigned by the corporation to which it had been made to the association which now brought suit upon it, and that the defendant never had been indebted and never had executed a mortgage to the plaintiff. The plaintiff filed an answer and testimony was taken by the parties respectively. The allegation of the defendant that the mortgage had been paid was not sustained by the evidence. The averment that the charter of the association to which the mortgage had originally been made had expired appeared to be true, but it also appeared that by consent of all the stockholders in the old association, including the defendant, the assets of that body had been handed over to the new corporation, which at the same time had assumed all the

liabilities of the former body and that such stockholders had treated the new corporation as the successor of the old. The defendant continued to pay his dues and interest to the new corporation for about four years after it was formed, and received statements showing that the new association was discharging the obligations of the old and was relying for reimbursement upon the assets of which the mortgage in question was a part. It was the duty of the court below to dispose of this rule to open the judgment upon equitable principles, and we are not satisfied that the conclusion reached involved any abuse of discretion. It is true that the evidence did not establish that there had ever been any formal assignment of the mortgage by the old association to the new, but all the stockholders of both associations had dealt with the property as if there had been an actual assignment. The defendant having permitted others to rely upon this understanding and himself acquiesced in it for four years, ought to have raised the question as to the formality of the assignment at the time the writ of scire facias was served upon him. Having waited for three years after the presentation of his original petition to open the judgment upon the ground of payment, before raising the question as to the regularity of the assignment, it would be inequitable to allow his present contention to prevail.

The judgment is affirmed.